RHODES vs. STEPHENS, Sheriff, etc.

*October 17 — November 6, 1884.*

*Chattel mortgage: Attachment: Evidence of identity of goods.*

After the execution of a mortgage covering a stock of boots and shoes (stated in the mortgage to be "of the value of at least $3,000"), the mortgagors remained in possession and continued selling from and replenishing such stock in the usual way, for about ten months, when an attachment was levied upon the stock as it then stood. In an action by the mortgagee against the sheriff who made the levy, one of the mortgagors testified that he could not tell how many of the goods specified in the mortgage had been sold, but he thought they had sold about $4,000, and that he had no means of knowing how many of the mortgaged goods were on hand when the attachment was levied. This, being all the evidence on the subject, is *held* insufficient to support a finding that the defendant took upon the attachment any part of the goods covered by the mortgage,

APPEAL from the Circuit Court for *Waukesha* County. Action for the wrongful taking and conversion of a stock of boots and shoes. The plaintiff claims title under a chattel mortgage executed to her by Nash & Coyle, dated December 31, 1881, and filed October 23, 1882, at 6 o'clock, P. M. The answer, among other things, denies that the defendant took any of the goods described in the chattel mortgage, and justifies the taking of those goods which he did take under and by virtue of several writs of attachment issued at the suit of creditors of Nash & Coyle and levied by the defendant, as sheriff, upon the goods in the store of said debtors, on the 24th, 25th, 27th, and 31st days of October, 1882. The answer also alleges that the mortgage had become void for uncertainty in the description of the goods mortgaged, because of the change in the goods since the making of the mortgage.

The cause was tried by the court without a jury. The

evidence will sufficiently appear from the opinion. The court found, among other things, that the defendant, as sheriff, took upon the writs of attachment the goods described in the plaintiff's mortgage, and converted them to his own use for the benefit of the creditors in the attachment suits. From a judgment in favor of the plaintiff the defendant appealed.

The cause was submitted for the appellant on the brief of *R. C. Hathaway*, and for the respondent on that of *David W. Small.*

COLE, C. J. Passing by all other objections, it seems to us there is an insuperable difficulty in the way of the plaintiff's recovering for the conversion of the goods in question, because she utterly failed to show that the defendant took any of the mortgaged property under the attachments. Of course, it was incumbent upon her to make that proof, and to establish the fact that the defendant had taken goods which were covered by her chattel mortgage. That mortgage bears date December 31, 1881, and was given on "the whole stock of boots and shoes," then being in the building owned and occupied by the mortgagors, " consisting of men's, ladies', misses', and children's wear, and of the value of at least $3,000." The mortgagors remained in possession of the property, and continued selling from the stock in the usual way, for about ten months, when the mortgage was put on file. All this was done with the knowledge of the plaintiff. One of the mortgagors testified on the trial that he could not tell how many of the goods specified in the mortgage had been sold, but he thought the firm had sold in the neighborhood of $4,000. This, as we understand the witness, was the amount of sales made after giving the mortgage. The same witness further said that he had no means of knowing how many of the goods were on hand at the time the attachments were levied, that were in the

store when the mortgage was given. This is really all the evidence produced to identify or show that goods had been seized on the attachments which were included in the mortgage.

It seems to us that the evidence is entirely insufficient to justify the conclusion that any of the goods taken upon the attachments were actually included in the plaintiff's mortgage. On the contrary, the fair inference from the testimony is that there had been an entire change of stock between the time of the execution of the mortgage and the seizure upon the attachments, because the sales exceeded considerably the value of the original stock as estimated in the mortgage. Possibly, such estimate would not be conclusive as to the value of the stock covered by the mortgage; but *prima facie* it must be deemed correct. It will be borne in mind that this is a contest between the creditors of the mortgagors and the mortgagee as to what property is embraced in the mortgage; and the plaintiff was bound to show that she had a prior lien or paramount title to some portion of the property which was seized upon the attachments. This she entirely failed to do. The stock was constantly changing, and we find no evidence which tends to show that the defendant, as sheriff, took upon the writs of attachment any of the stock of goods — boots and shoes — in the store of Nash & Coyle, and upon which the mortgage of the plaintiff was given. True, the learned circuit court so finds; but, to our minds, the evidence entirely fails to support that finding.

Whether the delay in filing the mortgage prejudiced the rights of the plaintiff is a question we need not consider, because there is nothing to show that there was any part of the mortgaged goods in the possession of the mortgagors when the attachments were levied.

It follows from these views that the judgment of the circuit court must be reversed, and the cause be remanded for

further proceedings. We do not direct judgment, as we usually do where a case is tried by the court, but leave it discretionary with the circuit judge to grant a new trial if he thinks the cause of justice will be subserved thereby.

*By the Court.*— Ordered accordingly.